Daniel, J.
 

 This was an action of assumpsit. Plea,
 
 non assumpsit.
 
 The defendant insisted that the-promise, proved to have been made by him to the plaintiff, was a
 
 nudum pactum;
 
 and that, as he, by law, was entitled to his goods, which had been wrecked, and the plaintiff had no right to sell them, he had no right to commissions on that value, as if he had sold them. To this, the plaintiff replied, and proved, as the consideration for the promise made by the defendant, that, he, as a wreck master, had received the goods, by the consent of the captain of the wrecked vessel; and that he had (as by law, he was bound to do,) used care, trouble, and expense, in the preservation of the said goods. The Court charged the jury, that if the plaintiff had taken the goods, into his
 
 charge and custody,
 
 as wreck-master, then, the promise made by the defendant to pay was supported ; and that the expense of keeping and taking care of the goods, was a matter, bearing upon the amount of damages. Now, we can see no error in this charge. The defence set up, that it was a
 
 nudum pactum,
 
 failed, we think, when the plaintiff proved that the goods were placed in his' hands as wreck-master, by the captain, who was the defendant’s agent for that purpose. The care, trouble, and responsibility of the plaintiff concerning the goods, in his character of wreck-master, raised a -consideration for compen
 
 *130
 
 sation; and the only effect of the agreement was to> liquidate the amount.
 

 We think, that the judgment must be affirmed.
 

 Per Curiam.. Judgment affirmed..